DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
Marshall S. Huebner
Darren S. Klein
Christopher S. Robertson
Moshe Melcer
Noah Z. Sosnick (*pro hac vice* pending)

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | Chapter 11 |
| **SPIRIT AVIATION HOLDINGS, INC.,** | Case No. 25-11897 (SHL) |
| Debtor. | |
| **Tax I.D. No. 33-3711797** | |
| **In re:** | Chapter 11 |
| **SPIRIT AIRLINES, LLC,** | Case No. 25-11896 (SHL) |
| Debtor. | |
| **Tax I.D. No. 38-1747023** | |
| **In re:** | Chapter 11 |
| **SPIRIT FINANCE CAYMAN 1 LTD.,** | Case No. 25-11898 (SHL) |
| Debtor. | |
| **Tax I.D. No. 98-1557020** | |

| | |
|---|---|
| **In re:**<br><br>**SPIRIT FINANCE CAYMAN 2 LTD.,**<br><br>Debtor.<br><br>Tax I.D. No. 98-1557362 | **Chapter 11**<br><br>**Case No. 25-11899 (SHL)** |
| **In re:**<br><br>**SPIRIT IP CAYMAN LTD.,**<br><br>Debtor.<br><br>Tax I.D. No. 98-1554732 | **Chapter 11**<br><br>**Case No. 25-11900 (SHL)** |
| **In re:**<br><br>**SPIRIT LOYALTY CAYMAN LTD.,**<br><br>Debtor.<br><br>Tax I.D. No. 98-1554752 | **Chapter 11**<br><br>**Case No. 25-11901 (SHL)** |

**MOTION OF THE DEBTORS FOR ENTRY OF
AN ORDER (I) DIRECTING JOINT ADMINISTRATION OF
THE CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

Spirit Aviation Holdings, Inc. (the "**Parent Debtor**") and its direct and indirect subsidiaries(collectively, the "**Debtors**," "**Spirit**," or the "**Company**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby file this *Motion of the Debtors for Entry of an Order (I) Directing Joint Administration of the Chapter 11 Cases and (II) Granting Related Relief* (this "**Motion**"). This Motion is supported by the *Declaration of Fred Cromer in Support of the Chapter 11 Proceedings and First Day Pleadings* (the "**First Day Declaration**") filed contemporaneously herewith and incorporated herein by reference. In further support of this Motion, the Debtors respectfully state as follows:

-2-

**Relief Requested**

1.  By this Motion, and pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), (a) directing the joint administration of the Chapter 11 Cases for procedural purposes only and (b) deeming certain disclosure requirements satisfied or otherwise waiving such requirements. Specifically, the Debtors request that the United States Bankruptcy Court for the Southern District of New York (the "**Court**") maintain one file and one docket for all of the Chapter 11 Cases under the case of *In re Spirit Aviation Holdings, Inc.* and that the Chapter 11 Cases be administered under a consolidated caption, as follows:

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re:** <br><br> **SPIRIT AVIATION HOLDINGS, INC.**, *et al.*, <br><br> **Debtors.**[1] | **Chapter 11** <br><br> **Case No. 25-11897 (SHL)** <br><br> **Jointly Administered** |

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Aviation Holdings, Inc. (1797); Spirit Airlines, LLC (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752). The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

2.  The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket in each of the Chapter 11 Cases (other than the Chapter 11 Case of the Parent Debtor) to reflect the joint administration of the Chapter 11 Cases.

> An order has been entered in this case in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of this case solely for procedural purposes with the chapter 11 cases of Spirit Aviation Holdings, Inc., Spirit Airlines, LLC, Spirit Finance Cayman 1 Ltd., Spirit Finance

-3-

Cayman 2 Ltd., Spirit IP Cayman Ltd., and Spirit Loyalty Cayman Ltd.  **All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 25-11897 (SHL)**

3. In addition, the Debtors request that the Court waive the requirement of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n) for the inclusion of the Debtors' full tax identification numbers in the captions for the Debtors' filings with the Court and notices sent to creditors.

## Jurisdiction and Venue

4. The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.).

5. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  The Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion.

6. Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

7. On August 29, 2025 (the "**Petition Date**"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors remain in possession of their property and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner, and no statutory committee has been appointed in the Chapter 11 Cases.

8. Spirit is a leading value airline committed to delivering value to its guests by offering an enhanced travel experience with flexible, affordable options.  Spirit employs over approximately 25,000 direct employees and independent contractors, and serves destinations

throughout the United States, Latin America, and the Caribbean with one of the youngest and most fuel-efficient fleets in the United States.

9. Additional information about the events leading up to the Petition Date and the Debtors' businesses, affairs, capital structure, and prepetition indebtedness can be found in the First Day Declaration.

**Basis for Relief**

10. Bankruptcy Rule 1015(b) provides, in relevant part, that "[t]he court may order joint administration of the estates in a joint case or in two or more cases pending in the court if they are brought by or against . . . a debtor and an affiliate." Fed. R. Bankr. P. 1015(b). Each Debtor is an "affiliate," as that term is defined under section 101(2) of the Bankruptcy Code, of the Parent Debtor or one of its Debtor affiliates. Moreover, section 105(a) of the Bankruptcy Code confers the Court with broad equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Accordingly, the Court has expansive equitable powers to fashion any order or decree that is in the interest of preserving or protecting the value of the Debtors' assets. *See Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 375 (2007) (characterizing the bankruptcy court's power under section 105 of the Bankruptcy Code as "broad").

11. Given the provisions of the Bankruptcy Rules and the Debtors' affiliation with one another, joint administration of the Chapter 11 Cases is warranted and would provide significant administrative convenience without harming the substantive rights of any party in interest. Joint administration would avoid the preparation, replication, service, and filing, as applicable, of duplicative notices, applications, and orders, thereby saving the Debtors considerable expense and resources. The Debtors' financial affairs and business operations are closely related. Many of the

motions, hearings, and orders in the Chapter 11 Cases will affect each Debtor and its respective estate. The rights of creditors would not be adversely affected, as this Motion requests only administrative, and not substantive, consolidation of the estates. In fact, all creditors would benefit by the reduced costs that would result from the joint administration of the Chapter 11 Cases. The Court also would be relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of the Chapter 11 Cases by the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") would be simplified.

12.  The request for joint administration of interrelated chapter 11 cases is generally noncontroversial and routinely approved by this Court under similar circumstances. *See, e.g.*, *In re 271 West 11th St. LLC*, No. 25-10130 (DSJ) (Bankr. S.D.N.Y. Mar. 12, 2025) [ECF No. 17]; *In re Glosslab LLC*, No. 24-12399 (MEW) (S.D.N.Y. Dec. 31, 2024) [ECF No. 13]; *In re Spirit Airlines, Inc*, No. 24-11988 (SHL) (S.D.N.Y. Nov. 27, 2024) [ECF No. 121]; *In re 2U, Inc.*, No. 24-11279 (MEW) (Bankr. S.D.N.Y. July 25, 2024) [ECF No. 23]; *In re Weiss Multi-Strategy Advisers (LLC)*, No. 24-10743 (MG) (Bankr. S.D.N.Y. May 29, 2024) [ECF No. 51]; *In re Acorda Therapeutics, Inc.*, No. 24-22284 (DSJ) (Bankr. S.D.N.Y. Apr. 4, 2024) [ECF No. 38]; *In re GOL Linhas Aéreas Inteligentes S.A.*, No. 24-10118 (MG) (Bankr. S.D.N.Y. Jan. 29, 2024) [ECF No. 58]. The Debtors submit that the circumstances described herein warrant similar relief.

13.  Furthermore, it is appropriate to waive the requirement of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n) for the inclusion of the Debtors' full tax identification numbers in the captions for the Debtors' flings with the Court and notices sent to creditors. This information is available on all of the Debtors' chapter 11 petitions. Waiver of this

requirement is purely procedural in nature and would ease the administrative burden on the Debtors.

14. For the foregoing reasons, the Debtors submit that the relief requested herein is in the best interests of the Debtors' estates and stakeholders and, therefore, should be granted.

## Notice

15. Notice of this Motion will be provided to the following parties (or their counsel) (collectively, the "**Notice Parties**"): (a) the Office of the United States Trustee for the Southern District of New York; (b) those creditors holding the 30 largest unsecured claims against the Debtors' estates; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Attorney's Office for the Southern District of New York; (f) the state attorneys general for states in which the Debtors conduct business; (g) the Department of Transportation; (h) certain holders of the Debtors' secured notes; (i) each agent or trustee under the Debtors' secured notes indenture or revolving credit facility; and (j) any other party that is identified on Spirit's master service list,[1] is entitled to notice under Local Rule 9013-1(c), or has requested notice pursuant to Bankruptcy Rule 2002. A copy of this Motion and any order entered in respect thereto will also be made available on the Debtors' case information website located at https://dm.epiq11.com/SpiritAirlines. Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required.

*[Remainder of page intentionally left blank]*

---

[1] Accessible by visiting https://dm.epiq11.com/SpiritAirlines.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated:  August 29, 2025
        White Plains, New York

                                    DAVIS POLK & WARDWELL LLP

                                    */s/ Darren S. Klein*
                                    450 Lexington Avenue
                                    New York, NY 10017
                                    Tel.: (212) 450-4000
                                    Marshall S. Huebner
                                    Darren S. Klein
                                    Christopher S. Robertson
                                    Moshe Melcer
                                    Noah Z. Sosnick (*pro hac vice* pending)

                                    *Proposed Counsel to the Debtors and Debtors in Possession*

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:**<br><br>**SPIRIT AVIATION HOLDINGS, INC.,**<br><br>Debtor.<br><br>Tax I.D. No. 33-3711797 | **Chapter 11**<br><br>**Case No. 25-11897 (SHL)** |
| **In re:**<br><br>**SPIRIT AIRLINES, LLC,**<br><br>Debtor.<br><br>Tax I.D. No. 38-1747023 | **Chapter 11**<br><br>**Case No. 25-11896 (SHL)** |
| **In re:**<br><br>**SPIRIT FINANCE CAYMAN 1 LTD.,**<br><br>Debtor.<br><br>Tax I.D. No. 98-1557020 | **Chapter 11**<br><br>**Case No. 25-11898 (SHL)** |
| **In re:**<br><br>**SPIRIT FINANCE CAYMAN 2 LTD.,**<br><br>Debtor.<br><br>Tax I.D. No. 98-1557362 | **Chapter 11**<br><br>**Case No. 25-11899 (SHL)** |

-2-

| In re: | Chapter 11 |
|---|---|
| **SPIRIT IP CAYMAN LTD.,** | Case No. 25-11900 (SHL) |
| Debtor. | |
| Tax I.D. No. 98-1554732 | |
| In re: | Chapter 11 |
| **SPIRIT LOYALTY CAYMAN LTD.,** | Case No. 25-11901 (SHL) |
| Debtor. | |
| Tax I.D. No. 98-1554752 | |

**ORDER (I) DIRECTING JOINT ADMINISTRATION OF THE CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[1] of Spirit Aviation Holdings, Inc. and its direct and indirect subsidiaries (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the above-captioned Chapter 11 Cases, for entry of an order (this "**Order**"), pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rule 1007-2, (a) directing the joint administration of the Chapter 11 Cases for procedural purposes only and (b) deeming certain disclosure requirements satisfied or otherwise waiving such requirements, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

-2-

order consistent with Article III of the United States Constitution; and the Court having found that venue of the Chapter 11 Cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion and the First Day Declaration; and the Court having held a hearing to consider the relief requested in the Motion (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and the Court having determined that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled with prejudice; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted and as set forth herein.

2. The Chapter 11 Cases are consolidated for procedural purposes only and shall be jointly administered by the Court under the case number assigned to Spirit Aviation Holdings, Inc., No. No. 25-11897 (SHL).

3. The caption of the jointly administered Chapter 11 Cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **SPIRIT AVIATION HOLDINGS, INC.**, *et al.*, | **Case No. 25-11897 (SHL)** |
| Debtors.[1] | **Jointly Administered** |

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Aviation Holdings, Inc. (1797); Spirit Airlines, LLC (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752). The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

4. A docket entry shall be entered on the docket in each of the Chapter 11 Cases (other than the Chapter 11 Case of Spirit Airlines, Inc.) substantially as follows:

> An order has been entered in this case in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of this case solely for procedural purposes with the chapter 11 cases of Spirit Aviation Holdings, Inc., Spirit Airlines, LLC, Spirit Finance Cayman 1 Ltd., Spirit Finance Cayman 2 Ltd., Spirit IP Cayman Ltd., and Spirit Loyalty Cayman Ltd. **All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 25-11897 (SHL).**

5. Nothing in this Order shall be deemed or construed as directing or otherwise affecting the substantive consolidation of any of the Chapter 11 Cases, the Debtors, or the Debtors' estates, which relief the Debtors reserve the right to request.

6. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Southern District of New York shall keep, one consolidated docket, one file, and one consolidated service list for the Chapter 11 Cases.

7. The Debtors shall file their monthly operating reports required by the Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees, issued by the U.S. Trustee, in accordance with the applicable Instructions for UST Form 11-MOR: Monthly Operating Report and Supporting Documentation.

-4-

-5-

8.       The Debtors and the Clerk of the Court are authorized to take any action they deem necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

9.       The Court retains jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated:   _____, 2025
           White Plains, New York

                                                                        THE HONORABLE SEAN H. LANE
                                                                        UNITED STATES BANKRUPTCY JUDGE